IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RASHAY ELAINE MASON,

                                ORDER

              Plaintiff,

                              13-cv-163-bbc

    v.

BUSH, GEORGE ADMINISTRATION,
OBAMA, BARACK ADMINISTRATION and
ROD GORVORAVIC,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a proposed civil action in which plaintiff Rashay Mason brings claims regarding previous medical treatment. Because plaintiff is proceeding in forma pauperis, I must screen her complaint to determine whether it is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). After considering plaintiff's complaint, I conclude that plaintiff's allegations are so vague that it is necessary to dismiss the complaint under Fed. R. Civ. P. 8 and give plaintiff another chance to clarify her claims.

      In her complaint, plaintiff states that she received "questionable treatment" in an emergency room in Chicago leading to "health problems." She made requests to the Illinois governor's office and federal Department of Health and Human Services but did not receive a response. She also states that she would like to bring suit against the hospital.

      Fed. R. Civ. P. 8(a)(2), requires a complaint to include "a short and plain statement

1

of the claim showing that the pleader is entitled to relief." At this point, plaintiff's allegations are too vague to give defendants or the court an understanding of plaintiff's claims. Plaintiff provides no understandable detail about the reason she went to the hospital, what treatment she received and the health problems from which she is currently suffering. Also, plaintiff does not explain how the state and federal governments have harmed her beyond not responding to her letters or how they should have responded. Finally, plaintiff seems to be interested in suing the hospital that treated her, which is a more understandable target for suit, but plaintiff does not name a hospital as a defendant.

Although it is likely that this court is not the proper venue to bring even a properly focused medical malpractice claim (such claims are based in state law and must be brought in state court unless the parties are citizens of different states or some other statutory basis for federal jurisdiction is present), plaintiff's allegations are so vague that I will direct her to file an amended complaint that more clearly explains her *specific* claims against the named defendants and adds other parties as defendants if plaintiff seeks to sue them. If plaintiff decides to file an amended complaint, she should write it as if she were telling a story to people who know nothing about her situation. Someone reading the complaint should be able to answer the following questions:

- What are the *facts* that form the basis for plaintiff's claims?
- What did each defendant do that makes it liable for violating plaintiff's rights?
- How was plaintiff injured by defendants' conduct?

Plaintiff will have until May 29, 2013 to submit her amended complaint.

ORDER

IT IS ORDERED that plaintiff Rashay Mason's complaint in this action, dkt. #1, is DISMISSED without prejudice for plaintiff's failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until May 29, 2013 to file an amended complaint that complies with Rule 8. If plaintiff does not file an amended complaint by that date, the clerk of court is directed to close the case.

Entered this 9th day of May, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge