IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RASHAY ELAINE MASON,

ORDER

                   Plaintiff,

13-cv-163-bbc

        v.

BUSH, GEORGE ADMINISTRATION,
OBAMA, BARACK ADMINISTRATION and
ROD GORVORAVIC,

                   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Rashay Elaine Mason is proceeding in forma pauperis on a claim that she was given questionable health treatment in an emergency room.  She does not say who gave her the treatment, when the treatment was given or how she was harmed.  She does not say that any of the named defendants were responsible for the treatment, only that she wrote letters to the office of the governor of Illinois and to the United States Department of Health and Human Services and received no reply.

In an order entered on May 9, 2013, I concluded that plaintiff's action had to be dismissed because it did not include a short and plain statement of the claim entitling her to relief, as required under Fed. R. Civ. P. 8.  I dismissed her complaint without prejudice to give her another opportunity to explain what happened, when it happened, who was responsible for the ineffective or harmful treatment and how she was harmed.

1

Plaintiff's only response to the May 19, 2013 order was a one-page statement in which she says that she was treated in a hospital in Chicago, Illinois, where she went for treatment for a "female issue," that "towards the end of the treatment," she was given a shot from a big instrument and that afterward her reproductive system shut down and she developed an infection. Dkt. #5. It is obvious now that she has no claim against the named defendants but she has not named anyone else who might be a proper defendant, such as the treating physician or a nurse. She has not said when this incident occurred or where it occurred, other than in a hospital in Chicago. As I told plaintiff, Rule 8 requires a short and plain statement of the claim showing that the plaintiff is entitled to relief. The statement she has provided does not meet the requirements of Rule 8.

In addition, Rule 9 requires a short and plain statement of the grounds for jurisdiction. Rule 8(a)(1). Plaintiff's attempt to sue for a bad experience at a hospital in Illinois does not appear to raise any kind of federal question, so her only basis for jurisdiction would be under the diversity statute. 28 U.S.C. § 1332. To establish jurisdiction under § 1332, a plaintiff must show that more than $75,000 is in controversy and that the parties are of diverse citizenship, meaning that the plaintiff is a citizen of one state and the defendants are citizens of another state. She shows a Chicago address on her papers and she is suing about an incident that happened in Chicago, presumably at the hands of a Chicago doctor or nurse. This court would not have subject matter jurisdiction over a claim by an Illinois resident against another Illinois resident because the parties would all be citizens of the same state.

I conclude that plaintiff has not shown that her complaint can go forward and that it is wholly unlikely that she can amend her complaint again to state a claim on which relief could be granted in her favor.  Therefore, this case will be dismissed.  Luevano v. Wal-Mart Stores, Inc., 2013 WL 3599156, *6 (7th Cir. July 16, 2013 (when district court believes it is done with case, it enters final judgment under Rule 58).

ORDER

IT IS ORDERED that plaintiff Rashay Elaine Mason's complaint is DISMISSED for her failure to file an amended complaint that complies with Fed. R. Civ. P. 8.   The clerk of court is directed to enter judgment for defendants and close the case.

Entered this 30th day of July, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge